# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:12-CV-025-DCK

| | |
|---|---|
| RONALD P. SHUE, | ) |
|     Plaintiff, | ) |
| v. | )     **ORDER** |
| LIFE INSURANCE COMPANY OF THE SOUTHWEST, | ) |
|     Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Voluntary Dismissal Without Prejudice" (Document No. 14). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Plaintiff Ronald P. Shue ("Plaintiff") filed a "Petition For Declaratory Judgment" (Document No. 1-2) in the Superior Court of Mecklenburg County, North Carolina, on December 16, 2011. Plaintiff sought a declaratory judgment that he is entitled to "the full amount of the Terminal Illness Accelerated Benefits Rider 1" under the provisions of a life insurance policy provided to him by Defendant Life Insurance Company of the Southwest ("Defendant"). (Document No. 1-2). "Defendant's Notice Of Removal" (Document No. 1) was filed with this Court on January 18, 2012.

The Court entered a "Pretrial Order And Case Management Plan" (Document No. 6) on February 27, 2012. The "Pretrial Order..." set forth the following deadlines: Discovery – May 31, 2012; Mediation – June 15, 2012; Motions – June 29, 2012; and Trial – January 2, 2013. Pursuant

to motions from the parties, the Court extended some of these deadlines and stayed the mediation requirement. (Document Nos. 9, 11, and 13).

"Plaintiff's Motion For Voluntary Dismissal Without Prejudice" (Document No. 14) was filed July 24, 2012. "Defendant's Response In Opposition To Plaintiff's Motion..." (Document No. 15 was filed on July 27, 2012. On September 10, 2012, "Plaintiff's Reply..." (Document No. 19) was filed. As such, the pending motion for dismissal is now ripe for review.

## DISCUSSION

Plaintiff's concise motion for dismissal contends that subsequent to the filing of the lawsuit and some discovery, "Defendant admitted that there was a covered claim and paid an amount they believed to be the benefit to which Plaintiff was and is entitled." (Document No. 14). Plaintiff, therefore, concludes that "there no longer exists a matter of law to be determined by this specific Declaratory Action" and that the Court should allow for a voluntary dismissal, without prejudice. Id.

"Defendants's Response..." concurs that dismissal is appropriate, but submits that it should be *with* prejudice, or in the alternative, any dismissal should include an award of costs to Defendant. (Document No. 15). Defendant acknowledges its determination that an accelerated benefit for terminal illness was payable to Plaintiff, but argues that such decision was not based on Plaintiff's 2011 claim. (Document No. 15, pp.2-3). Defendant requests that if the pending motion is denied, that it be allowed an extension of time to file a motion for summary judgment. (Document No. 15, pp.1).

"Plaintiff's Reply..." argues that this action should be dismissed without limitation on future action. (Document No. 19). Plaintiff contends that

> "It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second

2

lawsuit." Davis v. USX Corp., 819 F.2d 1270, 1274-75 (4th Cir. 1987) (citing McCants, supra, 781 F.2d at 857; Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9 Cir.1982); Home Owner'sLoan Corp. v. Huffman, 134 F.2d 314, 317 (8th Cir. 1943)). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Id.

(Document No. 19, pp.2-3).

Plaintiff concludes that "Defendant has in no way been prejudiced" and that a "justiciable resolution" of this action is that it be dismissed without prejudice, thus promoting efficient administration of justice and avoiding additional costs. (Document No. 19, p.3). It appears that Plaintiff believes this matter should be dismissed *without* prejudice so that Plaintiff could have a "later opportunity" to dispute the amount paid under the policy, which it contends was "an arbitrary amount." (Document No. 19, p.2).

After careful consideration of the parties' briefs and the record of this case, the undersigned finds that dismissal without prejudice pursuant to Fed.R.Civ.P. 41(a)(2) is appropriate.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Voluntary Dismissal Without Prejudice" (Document No. 14) is **GRANTED**.

Signed: October 4, 2012

David C. Keesler
United States Magistrate Judge